UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SANDRA LAUREN WEIST,

     Plaintiff,

v.                                   Case No. 2:21-cv-768-SPC-NPM

COMMISSIONER OF SOCIAL SECURITY,

     Defendant.

---

## REPORT AND RECOMMENDATION

Before the court is plaintiff Sandra Weist's motion for attorney's fees, costs and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. 24). The Commissioner of Social Security objects to the reasonableness of the relief sought (Doc. 26), and Weist filed a reply (Doc. 29). For the reasons below, the motion should be granted in part.

After Weist filed her memorandum (Doc. 18), the Commissioner sought remand. (Doc. 21). The court granted the motion, and pursuant to sentence four of 42 U.S.C. § 405(g), the court reversed the decision of the Commissioner and remanded the case. (Doc. 22). Final judgment was entered May 9, 2022. (Doc. 23). Now, Weist requests an award of $8,704.46 in attorney's fees, $12.00 in paralegal fees, $402.00 in costs, and $20.40 in expenses. (Doc. 24).

To receive an award of fees and costs under EAJA, the following five conditions must be established: (1) plaintiff must file a timely application for attorney's fees; (2) plaintiff's net worth must have been less than $2 million dollars at the time the complaint was filed; (3) plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) the position of the United States must not have been substantially justified; and (5) there must be no special circumstances that would make the award unjust. 28 U.S.C. § 2412(d); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). Upon consideration and with no opposition by the Commissioner on eligibility grounds, all conditions of EAJA have been met.

EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *See Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988). The resulting fee carries a strong presumption that it is a reasonable fee. *City of Burlington v. Daque*, 505 U.S. 557, 562 (1992).

Reasonable hourly rates are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the court determines an increase in the cost of living, or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The court first determines the prevailing market rate; then, if the prevailing rate exceeds $125.00, the court determines whether to adjust

the hourly rate. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must be determined according to rates customarily charged for similarly complex litigation and are not limited to rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985).

Weist requests hourly attorney rates of $222.50 for work done in 2021 and $228.75 for work done in 2022. (Doc. 24 at 3). However, the same plaintiff firm has recently requested $217.54 for work done in 2021 and $226.25 for work done in 2022. *See Hunter v. Comm'r of Soc. Sec.*, No. 2:21-cv-476-JLB-NPM (Doc. 22 at 3) (filed Apr. 1, 2022); *see also Porco v. Comm'r of Soc. Sec.*, No. 2:21-cv-32-JLB-NPM, 2022 WL 396318, *2 (M.D. Fla. Jan. 25, 2022) (approving $217.50 hourly rate for 2021 for plaintiff counsel's firm), *report and recommendation adopted*, 2022 WL 394394 (M.D. Fla. Feb. 9, 2022). Weist has not justified further increases in the hourly rates. To be consistent, the court should award $217.54 for work done in 2021 and $226.25 for work done in 2022.

Upon review of the services provided, Weist's request for 38.1 hours of attorney time is not reasonable. Tasks of a clerical nature are not compensable under EAJA. *Mobley v. Apfel*, 104 F. Supp. 2d 1357, 1360 (M.D. Fla. 2000). This includes, for example, time spent filing papers, calendaring deadlines, and any other task "which could have been done by support staff." *Zabala v. Comm'r of Soc. Sec.*, No. 6:17-cv-628-Orl-TBS, 2018 WL 6589837, *3 (M.D. Fla. Dec. 14, 2018) (internal

quotations and citations omitted); *Schoenfeld v. Berryhill*, No. 8:17-cv-407-T-AAS, 2018 WL 5634000, *1 (M.D. Fla. Oct. 31, 2018); *Langer on Behalf of Langer v. Comm'r of Soc. Sec.*, No. 8:19-cv-1273-T-24PDB, 2020 WL 7210026, *3-4 (M.D. Fla. Nov. 20, 2020), *report and recommendation adopted*, 2020 WL 7138571 (M.D. Fla. Dec. 7, 2020). Weist seeks compensation for clerical tasks (such as reviewing routine docket filings), tasks not appropriate to bill a client, or tasks that are excessive in the amount requested. *See Rismay v. Alterations by Lucy & Crisp & Clean Dry Cleaning & More, LLC*, No. 6:20-cv-1357-GAP-EJK, 2022 WL 687125, *3 (M.D. Fla. Feb. 18, 2022), *report and recommendation adopted*, 2022 WL 685662 (M.D. Fla. Mar. 8, 2022) ("In determining the reasonableness of the hours expended, courts exclude 'excessive, redundant, or otherwise unnecessary' hours an attorney could not appropriately bill the client or opposing counsel in the exercise of good billing judgment.") (quoting *Norman*, 836 F.2d at 1301).

The Commissioner's objections (*see* Doc. 26 at 3-4) are well taken, except only .1 hour should be deducted from the 1/12/22 entry for "Attorney rev. of Answer." Therefore, 1 hour of attorney time devoted to the excessive and clerical tasks should be deducted. Also, as this court has repeatedly ruled, the time spent modifying the boilerplate EAJA petition for use in this matter should be reduced from 2.3 hours to 1 hour. *See Porco*, 2022 WL 396318 at *1 (citing *Tumlin v. Comm'r of Soc. Sec.*, No. 2:19-cv-457-JLB-NPM, 2021 WL 4261216 (M.D. Fla.

Sept. 20, 2021)). Plaintiff counsel's firm is aware of the need to elaborate why the number of hours requested here is reasonable even though the matter resolved in short order by an agreed remand. *See id.* At most and based upon a close examination of the attorneys' time records, a reasonable amount of attorney time for what transpired here is only 35.8 hours.[1] Thus, based on the reasonable amount of attorney time and reasonable hourly rates, the court should award $8,086.69 in attorney's fees.

Weist further requests .2 hours at $60 an hour for paralegal time on one task: "Paralegal filing of the Memorandum in Opposition to the Commissioner's decision by cm/ecf." (Doc. 24-1 at 17-18). "Awarding fees for this time is unwarranted because electronically filing a document is a clerical task subsumed in an attorney's fee." *Langer on Behalf of Langer v. Comm'r of Soc. Sec.*, No. 8:19-cv-1273-T-24PDB, 2020 WL 7210026, *4 (M.D. Fla. Nov. 20, 2020), report and recommendation adopted, 2020 WL 7138571 (M.D. Fla. Dec. 7, 2020); *see also McCord v. Comm'r of Soc. Sec.*, No. 2:19-cv-318-JLB-NPM, 2021 WL 5494389 (M.D. Fla. Nov. 23, 2021) (adopting R&R that rejected the same paralegal fee requested by the same firm). Thus, the court should not award any paralegal fees.

Lastly, Weist seeks $402 in costs and $20.40 in expenses for mailing the service packets to the clerk and to serve the Commissioner. (Doc. 24-1 at 18). The

---

[1]  This consists of 1.5 hours in 2021 and 34.3 hours in 2022.

Commissioner does not oppose awarding these costs and expenses. Pursuant to 28 U.S.C. § 2412 and as enumerated in 28 U.S.C. § 1920, an award of filing fee costs to the prevailing party is permitted. Therefore, the court should award $402 in costs. Weist also requests $20.40 in expenses for serving the Commissioner by certified mail. These expenses appear reasonable and within the discretion of the court to award and are therefore recommended as well. *See Volk v. Astrue*, No. 3:11-cv-533-J-TEM, 2012 WL 5387967, *1 (M.D. Fla. Nov. 2, 2012) (finding the costs of mailing to file the complaint and for service of summons reasonable and awardable).

Accordingly, the court should **GRANT in part** the motion for EAJA fees (Doc. 24) and direct the clerk to amend the judgment to include a total award to Weist of **$8,509.09** for attorneys' fees, costs and expenses.[2] This award may be paid directly to plaintiff counsel if the United States Department of Treasury determines that no federal debt is owed by Weist.[3]

Respectfully recommended on September 16, 2022.

NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

---

[2] As requested by the Commissioner (Doc. 26 at 1 n.1), the judgment should separately delineate $8,086.69 for attorneys' fees, $402 for costs, and $20.40 for expenses.

[3] Weist filed a signed Attorney Fee Contract. (Doc. 24-2). Under the contract, Weist waived directed payment of the EAJA fees and assigned her rights to any EAJA fees to her attorneys. (*Id.*).

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *See* 11th Cir. R. 3-1. **To expedite resolution, parties may file a joint notice waiving the 14-day objection period.**